**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA CAROLINA CHAVEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-345

Agency No.
A206-622-017

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District
Judge.[***]

Petitioner Ana Carolina Chavez, a native and citizen of El Salvador,

timely seeks review of a Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") denial of asylum,

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, United States District Judge for
the District of Minnesota, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). "Our review is limited to the BIA's decision except [when] the IJ's opinion is expressly adopted." Plancarte Sauceda v. Garland, 23 F.4th 824, 831 (9th Cir. 2022). We review for substantial evidence the agency's factual findings underlying the denials of asylum, withholding of removal, and CAT protection. Id. We review de novo due process challenges to immigration decisions. Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004). We deny the petition.

1. We assume, without deciding, that "young women in El Salvador" and "young women in El Salvador who have been abused by their domestic partners" are cognizable particular social groups. But substantial evidence supports the agency's finding that the harm that Petitioner suffered in the past and that she fears in the future is not "on account of" her membership in either proposed group. See Ayala v. Holder, 640 F.3d 1095, 1097–98 (9th Cir. 2011) (per curiam) (holding that substantial evidence supported the finding that any persecution was not "on account of" the petitioner's membership in a particular social group, a required element of the claim for relief). Substantial evidence supports the agency's finding that, instead, Petitioner's domestic partner harmed her because of their relationship and made threats after she left him, purely personal motive. See Pagayon v. Holder, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) ("A personal dispute is not, standing alone, tantamount to persecution . . . ."). Accordingly, Petitioner's asylum and withholding claims

2

fail.

2. Substantial evidence also supports the agency's finding that Petitioner is not likely to face torture by, or "with the consent or acquiescence of, a public official . . . or other person acting in an official capacity" if returned to El Salvador. 8 C.F.R. § 1208.18(a)(1). Although Petitioner claims that the police failed to protect her after she filed a report against her partner, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." Andrade-Garcia v. Lynch, 828 F.3d 829, 836 (9th Cir. 2016). Therefore, Petitioner's claim for CAT protection also fails.

3. Finally, Petitioner argues that the BIA's process was fundamentally unfair and therefore violated her constitutional rights because the BIA "streamlined" the case by allowing a single member of the BIA to affirm the IJ's decision. See 8 C.F.R. § 1003.1(e) (authorizing a single member of the BIA to affirm, with or without opinion, an IJ's decision). Although a single member of the BIA affirmed the IJ's denial, the appellate IJ issued a written decision that provided a full explanation for denying Petitioner's claims. Section 1003.1(e) explains how the agency manages its cases and that "[u]nless a case meets the standards for assignment to a three-member panel . . . , all cases shall be assigned to a single Board member for disposition." 8 C.F.R. § 1003.1(e); see also 8 C.F.R. § 1003.1(e)(6) (listing the circumstances under which a three-member panel is required). Petitioner has not shown that this case meets that standard and therefore fails to explain how the "outcome of the

3

proceeding may have been affected by the alleged violation." <u>Zolotukhin v. Gonzales</u>, 417 F.3d 1073, 1076 (9th Cir. 2005) (emphasis omitted) (citation and internal quotation mark omitted). Because Petitioner fails to show that she was prejudiced when the BIA followed its standard procedure, her procedural due process claim fails.

**PETITION DENIED. The stay of removal will remain in place until the mandate issues.**